1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE DIAMOND, et al.,

Plaintiffs,

v.

CORIZON HEALTH, INC., et al.,

Defendants.

Case No. 16-cv-03534-JSC

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS AND MOTION
FOR JUDGMENT ON THE
PLEADINGS AND DENYING
DEFENDANTS' MOTION TO STRIKE**

Re: Dkt. No. 15

Plaintiffs filed suit against Corizon Health, Inc., the County of Alameda, Sheriff Gregory J. Ahern, and other unknown members of the Alameda County Sheriff's Department as Does 1-50 alleging various civil rights claims under Section 1983, negligence, and a violation of California Government Code § 845.6 arising out of the death of their relative, Bryan Steicher, while he was a pretrial detainee at Santa Rita Jail.  Now pending before the Court is Defendants' Motion to Dismiss, for Judgment on the Pleadings, and/or to Strike the Section 845.6 claim and Plaintiffs' request for injunctive relief.  (Dkt. No. 15.)  After carefully considering the parties' briefing, the Court concludes that oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and (1) GRANTS Defendants' motion to dismiss the Section 845.6 claim as to Corizon without leave to amend; (2) GRANTS Defendants' motion for judgment on the pleadings as to the Section 845.6 claim alleged against the County defendants with leave to amend; (3) GRANTS Defendants' motion to dismiss and motion for judgment on the pleadings on Plaintiffs' request for injunctive relief with leave to amend; and (4) DENIES Defendants' motion to strike.

United States District Court<br>Northern District of California

1

## COMPLAINT ALLEGATIONS

From June 18, 2014[1] until his death five days later, Bryan Steicher was in custody at Santa Rita Jail in Dublin, California.  (Compl. ¶ 18.)  There, Bryan made several requests to obtain a medically necessary Continuous Positive Airway Pressure ("CPAP") machine for his sleep apnea to assist with breathing during sleep.  (*Id.* ¶ 16.)  On June 18, 2014, Bryan asked his mother to provide him with a CPAP device.  (*Id.* ¶ 17.)  Two days later, he submitted to the jail a written request for a medical appointment.  (*Id.*)  On June 23, 2014, Bryan still had not received a CPAP device.  At some point that evening, Sheriff's Deputies discovered Bryan dead in his cell due to a sudden cardiac arrest related to cardiomyopathy.  (*Id.*)

Plaintiffs are Bryan's mother Christine Diamond and his surviving children Stephanie Fischer, Brittany Alperstein, and Minor A.S.  Plaintiffs allege that during Bryan's five days in custody at Santa Rita Jail, he was denied necessary medical attention and the ability to breathe from not receiving his CPAP machine, which caused his death while in custody.  (*Id.* ¶ 18.) Plaintiffs assert four claims for relief.  The first alleges a violation of 42 U.S.C. § 1983.  They contend that Corizon, Sheriff Ahern, and Doe defendants violated the First, Fourth, and Fourteenth Amendments by depriving Bryan of the right to be free from deliberate indifference to his serious medical needs while in custody, the right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society, and support of each other. Second, Plaintiffs bring a municipal liability claim against Corizon, Sheriff Ahern, and Doe defendants under Section 1983 based on the same constitutional violations.  Plaintiffs also bring a negligence claim and a claim for violation of California Government Code § 845.6 against all Defendants.  Plaintiffs request general damages, punitive damages as to Corizon and the Doe defendants, attorneys' fees and costs, and declaratory and injunctive relief.

Alameda County and Sheriff Ahern answered Plaintiffs' Complaint.  (Dkt. No. 7.) Together with those two Defendants, Corizon then filed the instant motion to dismiss, for

---

[1] Plaintiffs allege that events occurred in both 2014 and 2016.  (*Compare* Compl. ¶¶ 15, 17, *with id.* ¶ 18.)  It appears from the parties' briefing that the incidents alleged actually occurred in 2014 and that the 2016 references are typos.  Accordingly, this Order assumes that the events occurred in 2014.

1    judgment on the pleadings, and/or to strike Plaintiffs' Section 845.6 claim for failure to state a

2    claim and their request for injunctive relief due to lack of standing.  (Dkt. No. 15.)

3                                        **LEGAL STANDARDS**

4    **I.        Motion to Dismiss and Motion for Judgment on the Pleadings**

5            When deciding a 12(b)(6) motion, the court must accept all factual allegations pled in the

6    complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *See Cahill*

7    *v. Liberty Mut. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  "[F]or a complaint to survive a motion

8    to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must

9    be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572

10   F.3d 962, 969 (9th Cir. 2009) (internal citations and quotation marks omitted).  "Plausibility

11   requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the

12   elements of a cause of action."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (internal

13   citations and quotation marks omitted).

14          A Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion for judgment on the pleadings

15   are "virtually interchangeable."  *Sprint Telephony PCS, L.P. v. Cnty. of San Diego*, 311 F. Supp.

16   2d 898, 902 (S.D. Cal. 2004) (citation omitted).  The main difference between a Rule 12(b) motion

17   and Rule 12(c) motion is the time of filing.  *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188,

18   1192 (9th Cir. 1989).  A Rule 12(b)(6) motion to dismiss "must be made *before* the responsive

19   pleading."  *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (citing Fed. R.

20   Civ. P. 12(b)(6)) (emphasis in original).  By contrast, a Rule 12(c) motion for judgment on the

21   pleadings is only authorized after an answer has been filed.  *See Aldabe v. Aldabe*, 616 F.2d 1089,

22   1093 (9th Cir. 1980).  Otherwise, "the motions are functionally identical" and "the same standard

23   of review" applies for both a Rule 12(b)(6) and Rule 12(c) motion.  *Dworkin*, 867 F.2d at 1192.

24          For motions under both Rule 12(b)(6) and Rule 12(c), the court should grant leave to

25   amend even if no request for leave to amend has been made, unless amendment would be futile.

26   *See Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008)

27   (citation omitted).

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    **II.      Motion to Strike**

2           A Rule 12(f) motion to strike enables a district court to "strike from a pleading an

3    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

4    Civ. P. 12(f).  Rule 12(f) motions are generally disfavored and "should not be granted unless the

5    matter to be stricken clearly could have no possible bearing on the subject of the litigation[.]  If

6    there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the

7    court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057

8    (N.D. Cal. 2004) (internal citations omitted).  Motions to strike should be granted "when

9    necessary to discourage parties from raising allegations completely unrelated to the relevant

10   claims and when the interests of justice so require." *Sapiro v. Encompass Ins.*, 221 F.R.D. 513,

11   517 (N.D. Cal. 2004) (internal citations omitted).

12                                          **DISCUSSION**

13   **I.      Fourth Cause of Action – Violation of California Government Code § 845.6**

14          Defendants contend that Plaintiffs' Section 845.6 claim must be dismissed, adjudicated on

15   the pleadings, or stricken for two reasons.  First, they argue that it must be dismissed against

16   Corizon because Section 845.6 only authorizes claims against a "public entity" or "public

17   employee," and Corizon is a private company.  Second, Defendants contend that Plaintiffs fail to

18   state a plausible Section 845.6 claim against any defendant.  The Court will address each argument

19   in turn.

20          A. Whether Plaintiffs Can Bring a Section 845.6 Claim against Corizon, a Private Entity

21          Section 845.6 states, in relevant part, that "a *public employee, and the public entity* where

22   the employee is acting within the scope of his employment, is liable if the employee knows or has

23   reason to know that the prisoner is in need of immediate medical care and he fails to take

24   reasonable action to summon such medical care." Cal. Gov't Code § 845.6 (emphasis added).  By

25   its very terms, Section 845.6 only applies to a "public employee" or "public entity[.]"  The

26   California Government Code defines "public entity" to include "the State, the Regents of the

27   University of California, a county, city, district, public authority, public agency, and any other

28   political subdivision or public corporation in the State."  This definition "is intended to include

4

1   every kind of independent political or governmental entity in the State." *Lawson v. Super. Ct.*,

2   180 Cal. App. 4th 1372, 1396 (2010) (internal citation omitted).

3          Plaintiffs do not allege that Corizon is an independent political or governmental entity.

4   Instead, they describe Corizon as a Delaware corporation that provides healthcare services under

5   contract with the County.  Section 845.6 liability does not extend to private entities under contract

6   with the State.  *See id.* at 1400 (holding that a private entity operating a residential correctional

7   facility under contract with the State was not a public entity and thus, not within the scope of

8   Section 845.6 liability).[2]

9          Plaintiffs' attempt to expand Section 845.6 liability to Corizon is unpersuasive.  "If there is

10  no ambiguity in the language, [courts] presume the Legislature meant what it said and the plain

11  meaning of the statute governs." *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103

12  (2007).  The statute clearly defines "public entity" and there is no ambiguity in the statutory

13  language.  The Court must therefore presume that the Legislature intended Section 845.6 only to

14  apply to a "public entity" or "public employee."  Indeed, Plaintiffs concede that courts have found

15  Section 845.6 to apply only to "public entities" and their employees, yet urge the Court to go

16  beyond the literal interpretation of "public entity." (Dkt. No. 18 at 4.)  But they do not cite any

17  cases that have done so.  The Court declines Plaintiffs' invitation to be the first.

18         Plaintiffs' reliance on *West v. Atkins*, 487 U.S. 42 (1988) does not change the Court's

19  conclusion.  In *Atkins*, the state hired a doctor to provide medical services to state prison inmates.

20  *Id.*  The court held that Section 1983 liability extended to the doctor because he was acting under

21  color of state law and concluded that his liability could be imputed to the state.  *Id.* at 54.

22  Plaintiffs contend that because liability for deliberate indifference to medical needs extends to an

23  independent contractor hired to perform state functions in *Atkins*, Section 845.6 liability should

24  extend that far as well.  But *Atkins* involved Section 1983 liability, which only requires that a

25

26  [2] In *Lawson v. Superior Court*, 180 Cal. App. 4th 1372 (2010), the court also noted that while the
    California Tort Claims Act does not expressly address whether governmental immunity extends to
27  independent contractors of the state, it "strongly implies that the Legislature did not intend to
    confer such immunity" because an independent contractor is not a public employee or entity.  *Id.*
28  at 1397 n.23.  Thus, even if Plaintiffs alleged that Corizon operated as the County's independent
    contractor, Corizon would still not be a public entity subject to Section 845.6 liability.

*United States District Court
Northern District of California*

United States District Court
Northern District of California

1    defendant act "under color of state law," not the statutory "public entity" requirement in the

2    California Government Code.

3            Because Corizon is not a public entity or public employee, the Court dismisses the Section

4    845.6 claim against Corizon without leave to amend.  The Court denies Defendants' motion to

5    strike this claim, as they have not met any of the standards for striking a claim and the motion in

6    any event is moot.

7            B. Sufficiency of Factual Allegations

8            Of course, the above analysis does not dispose of the Section 845.6 claim against the

9    County Defendants.  To that end, Defendants contend that Plaintiffs fail to allege a violation of

10   Section 845.6 because there are no factual allegations that plausibly establish any of the elements

11   of such a claim.

12           "[T]o state a claim under [Section] 845.6, a prisoner must establish three elements: (1) the

13   public employee knew of or had reason to know of the need (2) for immediate medical care, and

14   (3) failed to reasonably summon such care." *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006)

15   (citing Cal. Gov't Code § 845.6).  "Liability under section 845.6 is limited to serious and obvious

16   medical conditions requiring immediate care." *Lucas v. Cnty. of Los Angeles*, 47 Cal. App. 4th

17   277, 287-88 (1996) (internal citations and quotation marks omitted).

18           Plaintiffs fail to respond to Defendants' argument that Plaintiffs fail to allege a Section

19   845.6 claim as to the County Defendants and thus concede this point.  *See Ardente v. Shanley*, No.

20   07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this

21   argument and therefore concedes it through silence.").

22           Accordingly, the Court grants the County Defendants' motion for judgment on the

23   pleadings as to Plaintiffs' Section 845.6 claim with leave to amend as it pertains to the County

24   Defendants.  The Court denies the County Defendants' motion to strike this claim, as they have

25   not met any of the standards for striking a claim.

26   **II.    Plaintiffs' Request for Injunctive Relief**

27           Plaintiffs seek injunctive relief including orders requiring Defendants to institute and

28   enforce policies and procedures for handling inmates with serious medical needs and training

United States District Court
Northern District of California

1    medical professionals in their care.  (Compl. at 11-12.)  Defendants urge the Court to dismiss,

2    strike, or adjudicate Plaintiffs' request for injunctive relief on the grounds that Plaintiffs lack

3    standing to request injunctive relief.

4         Defendants' bring their motion under Rule 12(b)(6) or 12(c), both of which involve failure

5    to state a claim.  However, lack of standing is a jurisdictional defect.  *See Cetacean Cmty. v. Bush*,

6    386 F.3d 1169, 1174 (9th Cir. 2004); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101

7    (1998).  When a defendant "alleges only jurisdictional grounds for dismissal, the proper course is

8    to consider the motion as one to dismiss for lack of subject matter jurisdiction."  *Hellmann-*

9    *Blumberg v. Univ. of Pac.*, No. 2:12-CV-00286-GEB, 2013 WL 1326469, at *1 (E.D. Cal. Mar.

10   29, 2013) (internal citations and quotation marks omitted).  The Court will therefore analyze

11   Defendants' motion as a facial challenge under Rule 12(b)(1).  *See, e.g.*, *Machlan v. Proctor &*

12   *Gamble Co.*, 77 F. Supp. 3d 954, 958-59 (N.D. Cal. 2015) (addressing lack of standing to seek

13   injunctive relief under Rule 12(b)(1)); *San Luis Unit Food Producers v. United States*, 772 F.

14   Supp. 2d 1210, 1218 (E.D. Cal. 2011), *aff'd*, 709 F.3d 798 (9th Cir. 2013) (treating a jurisdictional

15   challenge brought under Rule 12(c) as a Rule 12(b)(1) motion).

16        For injunctive relief, plaintiffs must demonstrate that there is "a sufficient likelihood that

17   [they] will again be wronged in a similar way" and establish a "real and immediate threat of

18   repeated injury."  *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)

19   (internal citation and quotation marks omitted).  A plaintiff may show likelihood that her injury

20   will reoccur by showing "that the defendant had, at the time of the injury, a written policy, and

21   that the injury 'stems from' that policy."  *Armstrong v. Davis*, 275 F.3d 849, 865 (9th Cir. 2001),

22   *abrogation recognized on other grounds by Nordstrom v. Ryan*, 275 F.3d 849 (9th Cir. 2001)

23   (internal citation omitted).  Federal standing to pursue injunctive relief under Article III requires

24   plaintiffs to "allege some threatened or actual injury resulting from the putatively illegal action

25   before a federal court may assume jurisdiction."  *O'Shea v. Littleton*, 414 U.S. 488, 493, (1974)

26   (internal citations and quotation marks omitted).

27        Here, Plaintiffs lack standing to pursue injunctive relief because they have not alleged a

28   real or immediate threat of future injury.  Plaintiffs' reliance on their "status as successor[s] in

7

United States District Court
Northern District of California

1    interest to the harm perpetrated on the decedent" fails to demonstrate a "likelihood of substantial

2    and immediate irreparable injury" to Plaintiffs. *Neuroth v. Mendocino Cnty.*, No. 15-CV-03226-

3    NJV, 2016 WL 379806, at *3 (N.D. Cal. Jan. 29, 2016) (internal citation and quotation marks

4    omitted). "Because the injury was perpetrated on the decedent, there is no risk of future harm."

5    *Id.*

6            Plaintiffs also fail to demonstrate a risk of repeated injury because the repeated injury

7    would require a string of contingencies to occur to Plaintiffs. Plaintiffs' alleged threat of injury

8    would first require their arrest and placement in custody at an Alameda County jail. Plaintiffs

9    concede that to obtain injunctive relief, they must "demonstrate a realistic threat of repetition" of

10   the suffered injury. (Dkt. No. 18 at 6.) Yet it is pure speculation that Plaintiffs—who include

11   Bryan's minor child—may have a future encounter in an Alameda County jail at all, let alone may

12   experience a failure by Alameda County employees to summon immediate medical care for their

13   serious medical needs. "[S]peculative claims do not show a likelihood of substantial and

14   immediate irreparable injury." *Haynie v. Harris*, No. C 10-1255 SI, 2011 WL 5038357, at *8

15   (N.D. Cal. Oct. 24, 2011). For these reasons, Plaintiffs lack standing to pursue the injunctive

16   relief sought.

17           Plaintiffs cite *Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1142 (N.D.

18   Cal. 2000), for the proposition that many courts have recognized that allegations of a policy,

19   pattern, and practice of constitutional violations demonstrate a real and immediate threat of future

20   injury to allow for injunctive relief. But *Rodriguez* is distinguishable. There, the plaintiffs alleged

21   that various state law enforcement agencies had a policy of racial profiling motorists. *Id.* at 1142.

22   The court concluded it was possible that the plaintiffs could show that they were likely to be

23   subjected to future racial profiling due to the policy. *Id.* This likelihood was sufficient for

24   injunctive relief because plaintiffs risked repeated injury anytime they were to drive in the future

25   as a result of the policy. By contrast, Plaintiffs must show a sufficient likelihood that they will be

26   arrested and detained in an Alameda County jail, experience a serious medical need, and a failure

27   by Alameda County employees to summon immediate medical care for that need. Plaintiffs have

28   failed to show that such a string of contingencies is sufficiently likely to occur to warrant

8

1   injunctive relief.

2   　　　Nor have Plaintiffs asserted any hindrance to Santa Rita jail inmates' ability to protect their

3   own interests to allow for third party standing.  *See Powers v. Ohio*, 499 U.S. 400, 411 (1991)

4   (noting that "there must exist some hindrance to the third party's ability to protect his or her own

5   interests" to assert third party standing).  While other prisoners in Santa Rita Jail may face a risk

6   of a future injury similar to that alleged by Plaintiffs, Plaintiffs do not have standing to pursue

7   injunctive relief on their behalf based on this speculation.  *See Arlington Heights v. Metro. Hous.*

8   *Dev. Corp.*, 429 U.S. 252, 263 (1977) ("In the ordinary case, a party is denied standing to assert

9   the rights of third persons.").  Accordingly, the Court grants Defendants' motion to dismiss and

10  motion for judgment on the pleadings on Plaintiffs' request for injunctive relief for lack of

11  standing with leave to amend.  The Court denies Defendants' motion to strike this claim, as they

12  have not met any of the standards for striking a claim.

13  **CONCLUSION**

14  　　　For the reasons described above, the Court GRANTS Defendants' motion to dismiss the

15  Section 845.6 claim as to Corizon without leave to amend and GRANTS the motion for judgment

16  on the pleadings as to the Section 845.6 claim alleged against the County Defendants with leave to

17  amend. The Court also GRANTS Defendants' motion to dismiss and motion for judgment on the

18  pleadings on Plaintiffs' request for injunctive relief with leave to amend for lack of standing.

19  Finally, the Court DENIES Defendants' motion to strike as to all claims.

20  　　　Plaintiffs shall file an amended complaint, if any, within 20 days of the date of this Order.

21  If no amended complaint is filed, the Section 845.6 claim against the County Defendants will be

22  dismissed with prejudice and the injunctive relief claim dismissed without prejudice as dismissal

23  for lack of jurisdiction is always without prejudice.  If Plaintiffs are later able to make allegations

24  sufficient to confer standing for injunctive relief, they may move for leave to amend under

25  whatever standard applies at that time.

26  　　　**IT IS SO ORDERED.**

27  Dated: December 2, 2016

28

United States District Court
Northern District of California

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

10