UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DIAMOND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., et al.,<br><br>Defendants. | Case No. 16-cv-03534-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 40 |

Plaintiffs filed sue Corizon Health, Inc., the County of Alameda, Sheriff Gregory J. Ahern, and various Corizon employees and members of the Alameda County Sheriff's Department alleging civil rights claims under Section 1983, negligence, and a violation of California Government Code § 845.6. The claims arise out of the death of their relative, Bryan Steicher, while he was a pretrial detainee at Santa Rita Jail. Now pending before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), for Judgment on the Pleadings, and/or to Strike the Section 845.6 claim and Plaintiffs' request for injunctive relief. (Dkt. No. 40.) After considering the parties' briefing, and the Court's prior orders, the Court concludes that oral argument is unnecessary and grants Defendants' motion.

**PROCEDURAL HISTORY**

Plaintiffs originally sued Corizon, Sheriff Ahern, and various Doe defendants. By Order filed December 2, 2016, the Court dismissed Plaintiffs' California Government Code § 845.6 claim against Corizon without leave to amend and against the County Defendants with leave to amend. The Court also dismissed the claim for injunctive relief with leave to amend. The Order gave Plaintiffs 20 days, that is until December 22, 2016, to file an amended complaint and specifically warned Plaintiffs that a failure to file an amended complaint by that date would mean

the injunctive relief and section 845.6 claims against the County defendants are dismissed with prejudice and no longer in the case. (Dkt. No. 21.) Plaintiffs did not file an amended complaint by that deadline; accordingly, on January 26, 2017 the Court dismissed that section 845.6 claim and the injunctive relief claim without leave to amend. (Dkt. No. 22.)

The next day Plaintiffs filed a First Amended Complaint ("FAC"). The FAC adds 11 individual County and Corizon defendants, including two doctors and several county sheriff deputies, and includes all the same claims from the original complaint, including the section 845.6 claim and the demand for injunctive relief. Specifically, the section 1983 claim is against Corizon and Sheriff Ahern, the section 845.6 is against Corizon and the Corizon employees, and the negligence claim is against all defendants and thus is the one claim alleged against the newly added defendants. (Dkt. No. 24.)

All served defendants subsequently filed the now pending motion to dismiss/motion for judgment on the pleadings.

## DISCUSSION

### I. California Government Code § 845.6

Plaintiffs reallege their section 845.6 claim against Corizon and add the individual Corizon defendants to the claim. (Dkt. No. at 24 at 12.) The Court, however, already dismissed this claim against Corizon without leave to amend. (Dkt. Nos. 21.) The same reasoning applies to the individual Corizon defendants. The claim is therefore again dismissed with prejudice.

### II. Negligence

Plaintiffs' negligence claim is brought against "all defendants." Plaintiffs, however, plead no facts whatsoever to support their negligence claim against any defendant; indeed, there are no factual allegations against any of the individual defendants. The claim is dismissed.

### III. Injunctive Relief

The Court previously dismissed the demand for injunctive relief for lack of standing without leave to amend. (Dkt Nos. 21, 22.) There can be no injunctive relief demand.

## CONCLUSION

Defendants' motion to dismiss/for judgment on the pleadings is GRANTED. Plaintiffs

cannot bring a section 845.6 claim against Corizon or the individual Corizon defendants. They also cannot pursue injunctive relief. The negligence claim is dismissed with leave to amend. The only claim upon which Plaintiffs are granted leave to amend is the negligence claim and if Plaintiffs wish to amend the negligence claim they must do so by September 26, 2017. **Any amended complaint shall not include the demand for injunctive relief or the section 845.6 claim.**

As the case currently stands there are two section 1983 claims and they are pled only against defendants Corizon and Ahern. (Dkt. No. 24 at 7, 8.) There is no section 845.6 claim. Plaintiffs are granted leave to amend to allege a negligence claim against those defendants for whom they can allege sufficient facts. To the extent Plaintiffs wish to amend their complaint other than amending the negligence claim they will have to (1) get Defendants' written consent, or (2) move the Court for leave to amend. *See* Fed. R. Civ. P. 15(a)(2).

This Order disposes of Docket No. 40.

**IT IS SO ORDERED.**

Dated: September 5, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge